**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 4 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARK ALAN GELAZELA,

Plaintiff - Appellant,

v.

UNITED STATES OF
AMERICA; THOMAS MOORE,

Defendants - Appellees,

and

DOUGLAS WHITE, Warden, D.
BOLCHER, C. LEPE, K.
LEHMAN, OGADEN, FEDERAL
BUREAU OF PRISONS,

Defendants.

No. 25-2277

D.C. No.
1:21-cv-01499-JLT-EPG

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
Jennifer L. Thurston, District Judge, Presiding

Submitted July 31, 2026**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: WARDLAW, BADE, and JOHNSTONE, Circuit Judges.

Mark Gelazela appeals the district court's grant of summary judgement for the United States and Doctor Thomas Moore. We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, *Corales v. Bennett*, 567 F.3d 554, 562 (9th Cir. 2009), we affirm.

1. The district court properly granted summary judgment for the United States because Gelazela's Federal Torts Claim Act claim ("FTCA") was untimely. An FTCA "claim is timely only if it has been: (1) submitted to the appropriate federal agency within two years of accrual and (2) filed in federal court within six months of the agency's final denial." *Redlin v. United States*, 921 F.3d 1133, 1136 (9th Cir. 2019); *see* 28 U.S.C. § 2401(b). The Bureau of Prisons mailed Gelazela notice that his claim was denied on March 8, 2021. Gelazela filed his complaint in this action on October 8, 2021—exactly one month after the statute of limitations ran on September 8, 2021. Gelazela's FTCA claim was not tolled because the tolling provision for legal disabilities in 28 U.S.C. § 2401(a) does not apply to tort claims against the government under 28 U.S.C. § 2401(b). *Booth v. United States*, 914 F.3d 1199, 1206 (9th Cir. 2019) ("We therefore reject [the plaintiff's] argument that the tolling provision in subsection (a) should apply to claims covered by subsection (b)."). Additionally, Gelazela is not entitled to equitable tolling, *see United States v. Wong*, 575 U.S. 402, 420 (2015) ("[T]he FTCA's time

bars are nonjurisdictional and subject to equitable tolling."); *Redlin*, 921 F.3d at 1140, because he did not pursue his claim with reasonable diligence, *see Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009) (reasoning that the plaintiff did not diligently pursue his claim and was not entitled to equitable tolling when he filed other legal documents in the same period). Because Gelazela filed this complaint one month past the statute of limitations, Gelazela's claim was "forever barred" under 28 U.S.C. § 2401(b).

2. The district court properly granted summary judgment for Dr. Moore because Gelazela failed to produce sufficient evidence to support his Eighth Amendment deliberate indifference claim.[1] "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). To satisfy this high standard, Gelazela must demonstrate that "(a) a

---

[1] "*Bivens* established that the victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right." *Carlson v. Green*, 446 U.S. 14, 18 (1980) (holding that *Bivens* is available to prisoners in federal prisons when prison officials fail to provide adequate medical care in violation of the Eighth Amendment). The district court properly allowed Gelazela's *Bivens* claim to proceed against Dr. Moore because Gelazela's case is not meaningfully different from *Carlson*. *See Stanard v. Dy*, 88 F.4th 811, 816–17 (9th Cir. 2023).

purposeful act or failure to respond to [his] pain or possible medical need and (b) harm caused by the indifference." *Jett*, 439 F.3d at 1096. Although it is undisputed that Gelazela had serious medical needs, Gelazela failed to provide evidence to show that Dr. Moore's mental culpability exceeded mere negligence. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994). Because negligence does not amount to deliberate indifference, Gelazela did not establish a constitutional violation.[2]

3. The district court did not abuse its discretion when it declined to consider Gelazela's surreplies. *See U.S. ex rel. Meyer v. Horizon Health Corp.*, 565 F.3d 1195, 1203 (9th Cir. 2009). Under the applicable local rules, "[a]fter a reply is filed, no additional memoranda, papers, or other materials may be filed without prior Court approval," except for in limited circumstances not applicable here. E.D. Cal. R. 230(m). Gelazela filed surreplies without leave of the court and did not identify any valid reasons for filing surreplies. While the district court was required to treat Gelazela with leniency as a pro se litigant, that lenience does not

---

[2] Gelazela contends that Dr. Moore's MRI order indicating the incorrect knee is evidence of Dr. Moore's deliberate indifference to his serious medical needs. The district court correctly held that this error likely amounts to negligence or medical malpractice but does not rise to deliberate indifference. Gelazela also argues that Dr. Moore's confusion over what medical accommodations were in place for Gelazela supports his claim of deliberate indifference. Again, this confusion does not constitute deliberate indifference.

require a court to allow surreplies. And, in any event, the arguments in the surreplies do not change our analysis of the underlying merits of Gelazela's claims.

**AFFIRMED.**